# UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN HERSHEY,

     Plaintiff,                       Case No.

v.

THE UNITED STATES, d/b/a
THE UNITED STATES POSTAL SERVICE,

     Defendant.

_____/

MICHAEL W. LAURILA (P86937)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Rd., Suite 200
Southfield, MI 48033
(248) 213-4900 | (248) 213-4901 – Fax
mlaurila@davidchristensenlaw.com
tcalmese@davidchristensenlaw.com

_____/

## **COMPLAINT**

     JOHN HERSHEY, Plaintiff, by and through his attorneys, CHRISTENSEN LAW, now comes before this Court and complain of the United States as follows:

    1.  Plaintiff, at all times mentioned, was and now is a citizen of the United States, domiciled and residing in Manchester, Michigan 48158, Washtenaw County, which is in the Eastern District of Michigan.

2.  The claims here are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*., 28 U.S.C. §2401(b) & 28 U.S.C. §1346(b)(1)), for money damages as compensation for Plaintiffs personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government and/or the United States Postal Service while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Michigan.

3.  The jurisdiction of this Court is based on the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*., 28 U.S.C. §2401(b) & 28 U.S.C. §1346(b)(1).

4. The amount in controversy greatly exceeds this Court's jurisdictional requirement.

5.  This suit has been timely filed, in that Plaintiff timely served notice of his claim on the United States Postal Service pursuant to 28 U.S.C. §2401(b). The United States Postal Service refused to accept legal liability for the damages and fully denied the claim on April 9, 2026.

### **EVENTS FORMING THE BASIS OF THE CLAIMS**

6.  That on or about December 6, 2024, Plaintiff, John Hershey, was a pedestrian walking to the USPS store located at: 103 E. Main Street, Manchester, Michigan, when he was caused to slip and fall on ice causing injury.

7. Mr. Hershey parked in parking spots on Main Street that abut the sidewalk to the USPS store.

8. As he attempted to walk up onto the sidewalk, his foot slipped on accumulated snow and ice on the curb where the sidewalk began and he fell to the ground.

9. It is upon information and belief that snow and ice was intentionally piled at this known-walking area by either USPS staff, agents or contractors.

10. That United States Postal Service, who was a tenant, is believed that its employees and/or its contractors are responsible for the keeping and foregoing premises free of ice and snow so its patrons, such as Plaintiff, may traverse freely and safely in and out of the USPS office.

11. That the United States and/or the United States Postal Service owed a duty to Plaintiff to maintain USPS premises, and the sidewalk adjacent to the entrance, as a reasonably prudent person would do under same or similar circumstances, and in accordance with the common law in such case made and provided, but violated said duties in at least one or more of the following particulars, so far as it is presently known:

    a. After knowing of the dangerous and hazardous conditions existing on USPS premises, USPS failed to correct same and/or warn of the dangerous conditions.

    b. Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on USPS premises.

c.  Failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the USPS, its agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection.

d.  Failed to instruct all of its agents, servants, and/or employees on the proper care and maintenance of its premises, and/or in the reporting of dangerous and/or hazardous conditions on Defendants premises.

e.  Failed to provide rules, procedures and/or provide for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on Defendant USPS premises.

f.  Failed to provide a safe and suitable place for those who encountered Defendants premises to walk safely.

g.  Failed to construct the premises in a manner suitable and safe under the circumstances.

h.  Failed to obtain and provide the adequate and proper maintenance and inspection of Defendants premises so that same would be in a reasonably safe condition for USPS invitees and all others who encountered Defendant USPS premises.

i.  Failed to obtain and provide for the adequate and proper maintenance and inspection of Defendants premises so that conditions would be readily apparent to invitees and/or tenants upon casual inspection and would be readily apparent to all others who encountered Defendants premises.

j.  Failed to observe all the duties of care imposed upon Defendants by the statutes of the State of Michigan, Ordinances of the City in which Defendants premises are located and the common law in such made and provided.

k. Others to be determined as discovery reveals.

12. Plaintiff sustained personal injuries as a direct and proximate result of the United States and/or the United Postal Service's negligence as alleged herein.

13. As a direct and proximate result of the negligence of the United States and/or the United States Postal Service as aforesaid, the injured Plaintiff sustained:

    a. Severe bodily injuries to his hip, which were painful, disabling, and necessitated medical care.
    b. Shock and emotional damage.
    c. Inability to attend to the Plaintiff's usual affairs and render services as formerly.
    d. Hamperment in the enjoyment of the normal pursuit of life as before.
    e. Medical expenses and economic damages
    f. Others to be determined as discovery reveals.

## COUNT I – PREMISES LIABILITY AND/OR NEGLIGENCE

14. Plaintiff reincorporates each preceding paragraphs.

15. At all times material herein, as a customer of Defendant USPS, Plaintiff was an invitee of Defendant.

16. Defendant, as a tenant tasked with the responsibility of maintaining the area where Plaintiff fell, had the exclusive right to control and maintain the premises and Defendant owed a duty to all invitees to maintain said premises in a reasonably safe condition, free from unreasonably dangerous, defective and/or unsafe conditions, and furthermore, had a duty to inspect for unreasonably dangerous, defective and/or

unsafe conditions and to furthermore, warn of any unreasonably dangerous, defective and/or unsafe conditions and foreseeable hazards.

17. As the entity tasked with snow and ice removal in front of its premises (i.e. where this incident occurred), Defendant owed to Plaintiff, an invitee, the duty to exercise reasonable care to protect Plaintiff from harm.

18. At all times relevant hereto, Defendant did know, or in the exercise of reasonable care should have known, that there existed an unreasonable danger in that there was no clear walking path from the parking spaces where Plaintiff parked his vehicle in front of the United States Post Service location to the store front and the sidewalk was only partially cleared, making it a more dangerous hazards.

19. Defendant negligently failed to ensure that the snow and ice that accumulated in front of its store on the sidewalk was fully cleared and a walking path from the parking spaces in front of the store was free and clear of known ice and snow.

20. At all times herein mentioned, Plaintiff was in the exercise of due care and caution and free from negligence on Plaintiff's part.

21. That notwithstanding the aforesaid duties and in complete derogation of same, Defendant, by and through their duly authorized agents, servants and/or employees negligently, carelessly, gross negligently and/or recklessly improperly maintained said premises, and in particular, the sidewalk to the United States Postal

Service, which caused Plaintiff to fall sustaining serious and permanent personal injuries as hereinafter described with more particularity

22. Defendant breached its common law, statutory and regulatory duties to Plaintiff including, but not limited to the following:

    a. Failing to keep the aforesaid premises in a reasonably safe condition for business invitees lawfully on their premises;

    b. Failing to inspect the subject premises for unsafe and unreasonably dangerous conditions;

    c. Failing to exercise reasonable care in the maintenance of the subject premises;

    d. Failing to remove the unreasonably dangerous condition when the Defendant did know or in the exercise of reasonable care should have known that same was defective and unreasonably dangerous;

    e. Failing to warn members of the general public and in particular, John Hershey, of the dangerously defective and deceptive condition on the premises;

    f. Failure to maintain the areas of ingress and egress;

    g. Failure to obey all applicable statutes and/or city ordinances;

    h. All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, and all other breaches that become known throughout litigation and all of which is hereby adopted by reference.

23. As a direct and proximate result of Defendant's breach of the above-referenced duties, Plaintiff suffered serious and permanent injuries including but not limited to:

    a. Fractured hip requiring surgery;

    b. Pain and suffering and severe emotional trauma;

    c. Embarrassment, humiliation, or mortification;

   d.  Medical bills and expenses;

   e.  Other economic loss; and

   f.  Any and all injuries and damages later discovered or otherwise allowed under Michigan law.

24. Defendant knew or should have known that the dangerous condition existed and that travelers such as Plaintiff would encounter this defect while walking from the exposed portion of the parking lot to the United States Postal Services location during a heavy Michigan winter.

## PRAYER FOR RELIEF

WHERERFORE, Plaintiff requests this Court to award compensatory damages against the United States of America under the applicable statutes herein, recovery of all costs and attorney's fees incurred by Plaintiff, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper.

CHRISTENSEN LAW

BY:     _____

MICHAEL W. LAURILA (P86937)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Rd., Suite 200
Southfield, MI 48033
(248) 213-4900 | (248) 213-4901 – Fax
mlaurila@davidchristensenlaw.com
tcalmese@davidchristensenlaw.com

Dated: August 4, 2026

**UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN HERSHEY,

    Plaintiff,

v.

THE UNITED STATES, d/b/a
THE UNITED STATES POSTAL SERVICE,

    Defendant.

Case No.

_____/

MICHAEL W. LAURILA (P86937)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Rd., Suite 200
Southfield, MI 48033
(248) 213-4900 | (248) 213-4901 – Fax
mlaurila@davidchristensenlaw.com
tcalmese@davidchristensenlaw.com

_____/

## **JURY DEMAND**

    JOHN HERSHEY, Plaintiff, by and through his attorneys, CHRISTENSEN

LAW, now comes before this Court and hereby demands a trial by jury in this matter.

CHRISTENSEN LAW

BY: _____
MICHAEL W. LAURILA (P86937)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Rd., Suite 200

Southfield, MI 48033
(248) 213-4900 | (248) 213-4901 – Fax
mlaurila@davidchristensenlaw.com
tcalmese@davidchristensenlaw.com

Dated: August 4, 2026